IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRANDIE SLIGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 14-1105-KHV** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff appeals the final decision of the Commissioner of Social Security to deny disability insurance benefits under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 401, et seq. For the reasons stated below, the Court finds that the Commissioner's decision should be reversed and remanded for further proceedings.

## Procedural Background

On August 9, 2010, plaintiff filed an application for disability insurance benefits and SSI benefits. Plaintiff alleged an onset of disability as of February 20, 2008. Tr. 11. The Commissioner denied plaintiff's claims initially and on reconsideration. On November 13, 2012, after a hearing, an administrative law judge ("ALJ") found that plaintiff was not disabled. On February 6, 2014, the Appeals Council denied plaintiff's request for review of the ALJ decision. The ALJ decision therefore stands as the final decision of the Commissioner. Plaintiff appeals to this Court the final decision of the Commissioner.

## Facts

Plaintiff was born in 1981. Her applications allege disability beginning at the age of 26 due to mental impairments including anxiety, depression and schizoaffective disorder and physical impairments

including a heart condition and spondylosis. Tr. 181. At the administrative hearing, plaintiff testified that she is disabled because of the effects of back surgery, numbness on her left side, anxiety and chronic obstructive pulmonary disease ("COPD"). After consideration of the record, the ALJ concluded as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2011.
>
> 2. The claimant has not engaged in substantial gainful activity since February 20, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*
>
> 3. The claimant has the following severe impairments: back impairment, anxiety, and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> The claimant also alleges depression, schizoaffective disorder, heart condition, and uncontrolled blood pressure. The medical evidence of record does not indicate that these conditions rise to the level of medically determinable impairments. Therefore, the undersigned finds that they are not medically determinable impairments.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). * * *
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that claimant is limited to lifting 10 pounds, is limited to standing-walking for two hours in an eight-hour workday, is limited to sitting six hours in an eight-hour workday, and has to be in [an] occupation with no public contact. * * *
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). * * *
>
> 7. The claimant was born on November 17, 1981 and was 26 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)). * * *
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from February 20, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 13-19.

Plaintiff appealed the ALJ decision to the Appeals Council. which denied plaintiff's request for review.

### **Standard Of Review**

The Court reviews the Commissioner's decision to determine whether it is "free from legal error and supported by substantial evidence." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009); see 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Wall, 561 F.3d at 1052; Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). It requires "more than a scintilla, but less than a preponderance." Wall, 561 F.3d at 1052; Lax, 489 F.3d at 1084. Whether the Commissioner's decision is supported by substantial evidence is based on the record taken as a whole. Wall, 561 F.3d at 1052. Evidence is not substantial if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1261-62 (10th Cir. 2005).

Plaintiff must demonstrate error in the rationale or finding of the ALJ; the mere fact that evidence might support a contrary finding will not establish error. See Lax, 489 F.3d at 1084. The possibility that two inconsistent conclusions might be drawn from the evidence does not mean that the

Commissioner's findings are unsupported by substantial evidence.  Id.  The Court may not displace the Commissioner's choice between two fairly conflicting views.  Id.  Where the ALJ has reached a reasonable conclusion that is supported by substantial evidence in the record, the Court will not reweigh the evidence and reject that conclusion even if the Court might have reached a contrary conclusion in the first instance.  Id.

## Analysis

An individual is under a disability if she can establish physical or mental impairments that prevent her from engaging in any substantial gainful activity, and that are expected to result in death or last for a continuous period of at least 12 months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)).  Claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot – considering her age, education and work experience – engage in other substantial gainful work existing in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  In the first three steps, the Commissioner determines (1) whether claimant has engaged in substantial gainful activity since the alleged onset, (2) whether she has a severe impairment or combination of impairments and (3) whether the severity of any impairment meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  20 C.F.R. § 404.1520; Williams, 844 F.2d at 750-51.  If claimant satisfies steps one, two and three, she will automatically be found disabled; if claimant satisfies steps one and two but not three, she must satisfy step four.

After evaluating step three, the Commissioner assesses claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). In step four, the Commissioner determines whether, based on claimant's RFC, she can perform past relevant work. 20 C.F.R. § 404.1520(a)(4); see Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four, claimant bears the burden of showing that she had one or more severe impairments that made her unable to perform past relevant work. See Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001). At step five, the burden shifts to the Commissioner to show that based on claimant's RFC, age, education and work experience, she can perform other work. See 20 C.F.R. § 404.1520(a); Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff argues that the ALJ erred in determining her RFC and in judging her credibility. Specifically, plaintiff asserts that the ALJ erred in (1) not identifying COPD as a severe impairment, (2) not determining whether plaintiff's COPD met a listing so as to render her per se disabled, (3) not reasonably weighing the opinion of Dr. Stanley Haag, a treating physician, and (4) relying exclusively on her activities of daily living to determine that she was not credible.

**I.   Step Two Evaluation Of Severity Of COPD**

An impairment is severe if it significantly limits a plaintiff's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921; Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). An impairment imposes significant limitations when it has more than a minimal effect on a claimant's ability to perform basic work. See Williams, 844 F.2d at 751. The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521, 416.921. Examples of basic work activities include walking, standing, sitting, lifting, pushing, pulling, carrying, handling; seeing, hearing, speaking; understanding, carrying out and remembering simple

instructions; using judgment; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921. To reach the question of the impact of the impairment on an individual's basic work activities, the ALJ must find that plaintiff has a medically determinable impairment. A physical or mental impairment must be established by medical evidence, and must last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1508-09, 416.908-09. It must result from anatomical, physiological or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Social Security Ruling (SSR) 96-4p. A claimant cannot establish an impairment on the basis of symptoms alone. Id. Thus, regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear, she cannot establish a medically determinable physical or mental impairment without objective evidence, e.g., medical signs and laboratory findings. Id.

As noted, the ALJ found that plaintiff has severe impairments including a back impairment, anxiety and obesity. Plaintiff argues that the ALJ erred at step two in finding that she did not suffer from a severe impairment of COPD. She notes that the ALJ did not include COPD among the impairments that he found severe or non-severe, thus "suggesting that he ignored this condition entirely." Plaintiff's Social Security Brief (Doc. #10) at 8.

The Commissioner responds that the record does not include medical opinion that plaintiff had functional limitations specifically as a result of COPD. Dr. James McKenna, a State Agency physician, identified only low back pain and extreme morbid obesity as medically determinable impairments causing functional limitations. Tr. 449, 452-53. Dr. Haag, plaintiff's treating physician, diagnosed COPD but did not identify any specific resulting limitations. Tr. 422. Because the medical opinion evidence did not identify COPD as a medically determinable impairment causing limitations to plaintiff,

the Commissioner asserts that substantial evidence supports the ALJ decision not to identify it as a severe impairment. See Cowan v. Astrue, 552 F.3d 1182, 1186 (10th Cir. 2008) (although claimant must make only *de minimis* showing at step two, mere presence of condition not sufficient) (citing Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003)). The Commissioner also argues that any error in not identifying COPD as a severe impairment was harmless because the ALJ identified other severe impairments and continued with the sequential evaluation process. See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) (any error harmless when ALJ concluded that claimant could not be denied benefits conclusively at step two and proceeded to next step of evaluation). In this case, however, the ALJ's failure to address whether COPD was a severe impairment also impacted the analysis at step three, as set out below.

**II.     Step Three Evaluation – Chronic Pulmonary Insufficiency**

At step three of the sequential evaluation process, the ALJ determines whether a claimant's impairments meet or equal one of the listings described in Appendix 1 of the Regulations (20 C.F.R., pt. 404, subpt. P, app. 1). See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If plaintiff's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Plaintiff has the burden of demonstrating, through medical evidence, that her impairments meet the medical criteria contained in a particular listing. Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005) (claimant has "step three burden to present evidence establishing her impairments meet or equal listed impairments").

An impairment that manifests only some of the listing criteria, no matter how severely, does not

meet or equal the listing. Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990).[1]  "[W]hether the findings for an individual's impairment meet the requirements of an impairment in the listings is usually more a question of medical fact than a question of medical opinion. . . .  In most instances, the requirements of listed impairments are objective, and whether an individual's impairment manifests these requirements is simply a matter of documentation."  Avery v. Astrue, 313 F. App'x 114, 121 (10th Cir. 2009) (quoting SSR 96-5p).  Similarly, a finding that an impairment is medically equivalent to a listed impairment must be based solely on medical evidence.  See Kemp v. Bowen, 816 F.2d 1469, 1473 (10th Cir. 1987).

Here, plaintiff argues that the ALJ erred in his listing analysis.  Specifically, plaintiff asserts that she meets Listing 3.02 (chronic pulmonary insufficiency).  To meet Listing 3.02, a claimant must show that for her height, she had a forced expiratory volume ("FEV1") value below a certain threshold.  See 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A).  For an individual with plaintiff's height of 69 inches, an FEV1 value of 1.45 or lower meets Listing 3.02.  See 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A). Plaintiff notes that on one of three pulmonary function tests, she had a forced expiratory volume (FEV1) value of 1.35, which meets the listing.

The Commissioner responds that in determining whether plaintiff meets Listing 3.02, the ALJ

---

[1] "The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard.  The listings define impairments that would prevent an adult, regardless of [her] age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'"  Zebley, 493 U.S. at 532-33 (emphasis in original) (quoting 20 C.F.R. § 416.925(a) (1989)).  The listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background."  Yuckert, 482 U.S. at 153.  Because the listings, if met, operate to cut off further detailed inquiry, they should not be read expansively. Clark v. Astrue, No. 11-1331-JWL, 2012 WL 4856996, at *3 (D. Kan. Oct. 12, 2012) (citing Caviness v. Apfel, 4 F. Supp.2d 813, 818 (S.D. Ind. 1998)).

considers the highest of any FEV1 values which plaintiff attained, citing 20 C.F.R. pt. 404 subpt. P. app. 1 § 3.00E.  The Commissioner then cites a pulmonary function test on which plaintiff had an FEV1 value of 1.74, see Tr. 399, and asserts that as a result, plaintiff did not meet Listing 3.02. Plaintiff counters that the regulation on which the Commissioner relies applies only to the standard for determining the validity of a pulmonary examination: the regulation provides that values used to calculate an FEV1 cannot vary more than five percent from the highest tracing during that examination.[2] In any event, here, the ALJ did not even address application of Listing 3.02, and thus the Court can not determine whether the ALJ properly found at step three that plaintiff's impairments, either singly in combination, did not meet or equal the requirements of a listed impairment.  The Court therefore remands the case for further proceedings.[3]

---

[2]     Listing 3.00E states, in part as follows:

> A value is considered reproducible if it does not differ from the largest value by more than 5 percent or 0.1 L, whichever is greater.  The highest values of the FEV1 and FVC, whether from the same or different tracings, should be used to assess the severity of the respiratory impairment.  Peak flow should be achieved early in expiration, and the spirogram should have a smooth contour with gradually decreasing flow throughout expiration.  The zero time for measurement of the FEV1 and FVC, if not distinct, should be derived by linear back-extrapolation of peak flow to zero volume.  A spirogram is satisfactory for measurement of the FEV1 if the expiratory volume at the back-extrapolated zero time is less than 5 percent of the FVC or 0.1 L, whichever is greater.

[3]     Plaintiff also argues that the ALJ did not reasonably weigh the opinion of Dr. Stanley Haag, a treating physician and did not conduct a proper credibility analysis.  The Court need not reach these issues.

**IT IS THEREFORE ORDERED** that the Judgment of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this memorandum and order.

Dated this 28th day of September at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
