IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDIE SLIGER, )<br>)<br>Plaintiff, )<br>) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-1105-KHV |
| CAROLYN W. COLVIN, )<br>Commissioner, Social Security Administration, )<br>) | |
| Defendant. )<br>_____) | |

**MEMORANDUM AND ORDER**

On September 28, 2015, the Court entered an order reversing the Commissioner's decision and remanding this case for further proceedings.  See Memorandum And Order (Doc. #13); Judgment In A Civil Case (Doc. #14).  This matter is before the Court on Plaintiff's Attorney's Motion For An Award Of Attorney Fees Pursuant To The Equal Access To Justice Act (Doc. #15) filed December 27, 2015.

**Legal Standards**

Plaintiff seeks statutory fees under Fed. R. Civ. P. 54(d)(2).  Under D. Kan. R. 54.2, the Court will not consider such a motion until the moving party first advises the Court in writing that she has consulted with the opposing party to try to reach an agreement regarding fees and has been unable to do so.  D. Kan. R. 54.2(d).[1]  The

---

[1] D. Kan. R. 54.2 states as follows:

(a) Consultation Required. A party who moves for statutory attorney's fees pursuant to Fed. R. Civ. P. 54 (d)(2) must promptly initiate consultation with the other party or parties.

(continued…)

movant has the responsibility to promptly initiate consultation.  D. Kan. R. 54.2(a).  The duty to initiate consultation requires more than sending an email; it requires the movant to actually consult with the opposing party.  See Marshall v. Colvin, No. 14-1336-JWL, 2016 WL 454816, at *2 (D. Kan. Feb. 5, 2016).[2]  The rule contemplates "more than an exchange of emails or text messages by counsel playing 'phone tag,' or seeking to shift the onus onto opposing counsel."  Id.  When the parties cannot reach an agreement, the rule requires the movant to file a statement that sets forth "the date of the consultation, the names of those who participated, and the specific results achieved."  D. Kan. R. 54.2(d).  The movant must file the statement within 30 days of filing the motion for attorneys' fees.  Id. at 54.2(c).

---

> (…continued)
> (b) Where the Parties Agree.  If the parties reach agreement, they must file an appropriate stipulation and request for an order.
>
> (c) Where the Parties Disagree.  If they are unable to agree, the moving party must file the following within 30 days of filing the motion:
>> (1) a statement that, after consultation in accordance with this rule, the parties have been unable to reach an agreement with regard to the fee award; and
>> (2) a memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award.
>
> (d) Statement of Consultation.  The statement of consultation must set forth the date of the consultation, the names of those who participated, and the specific results achieved.
>> The court will not consider a motion for statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party files the statement of consultation in compliance with this rule.
>> * * *

D. Kan. R. 54.2.

> [2]      The Court notes that plaintiff's counsel was counsel of record in Marshall.

## Analysis

Plaintiff seeks attorney's fees under Fed. R. Civ. P. 54(d)(2). Defendant urges the Court to overrule the motion because plaintiff failed to file a statement of consultation pursuant to D. Kan. R. 54.2(c). See Brief In Response To Plaintiff's Motion For Attorney Fees Under The Equal Access To Justice Act (Doc. #16) filed Jan. 20, 2016 at 1. To date, plaintiff has not filed a statement of consultation.[3] Plaintiff asserts that she has complied with Local Rule 54.2 because on December 29, 2015, her counsel emailed defense counsel and asked whether defense counsel objected to the fee request. See Plaintiff's Response To Defendant's Response To Plaintiff's Motion For Attorney's Fees (Doc. #17) filed February 2, 2016 at 1. Plaintiff presents a copy of an email chain which shows that defense counsel responded that someone would be in touch. Id. It appears this was the last communication between counsel regarding attorney's fees.

More than 30 days have passed since plaintiff filed her fee request. The only attempts at consultation between the parties are two emails. An email does not comply with the rule's requirement to consult. See Marshall, 2016 WL 454816, at *2. When plaintiff received no further response from defendant, she should have tried again. If plaintiff took defense counsel's lack of response to indicate that no agreement could be reached, she should have filed a statement of consultation to that effect. Because plaintiff did neither, she failed to follow D. Kan. R. 54.2. Accordingly, the Court will not consider her motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Motion For An

---

[3] In fact, plaintiff has had more than nine months to seek to supplement her motion with a statement of consultation, but she has not done so.

Award Of Attorney Fees Pursuant To The Equal Access To Justice Act (Doc. #15) filed December 27, 2015 be and hereby is **OVERRULED**.

Dated this 17th day of October, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge